IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ERNEST NEWMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-CV-6-JDK-KNM |
| WARDEN L. BERGER, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the lawsuit should be dismissed based on the three-strikes provision of 28 U.S.C. § 1915(g), which prohibits incarcerated plaintiffs who have previously filed at least three lawsuits or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim from proceeding *in forma pauperis* unless the plaintiff shows he is in imminent danger of serious physical injury.

The Plaintiff filed Objections (Docket No. 11) to the Report, citing *Lewis v. Casey*, 518 U.S. 343 (1996), and arguing that "injury" means simply that the prisoner is worse off because of illegal actions taken by prison staff – not physical injury. The Magistrate Judge rejected this contention in her Report, noting that § 1915(g) plainly states "serious physical injury." Docket No. 9 at 3–4. In addition, *Lewis* does not construe or even relate to § 1915(g), but instead refers to the actual injury requirement for maintaining a claim of denial of access to court.

Plaintiff also argues that *Holt v. Hobbs*, 135 S. Ct. 853 (2015), applies here. Docket No. 11 at 1. In that case, the Supreme Court held that a prison's grooming policy substantially burdened the prisoner's exercise of religion and violated RLUIPA. *See Holt v. Hobbs*, 135 S. Ct.

853, 862 (2015). But *Holt* does not explain how Plaintiff is threatened with imminent danger of serious physical injury here and does not relate to § 1915(g). *Holt* does not apply.

The Magistrate Judge correctly determined that Plaintiff failed to show he was in imminent danger of serious physical injury at the time he filed the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Plaintiff's objections are therefore without merit.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of the case, has been presented for consideration. The Court has conducted a *de novo* review of the Objections raised by Plaintiff to the Report. It concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the full $400.00 filing fee. Should Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this lawsuit as though the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions by either party not previously ruled upon are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **20th** day of **June, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE